# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BILL WARD BUILDERS, LLC | CIVIL ACTION |
| VERSUS | NO. 09-139 |
| LOW GROUP, INC. ET AL. | SECTION: "C"(5) |

## ORDER AND REASONS

Before the Court is defendant Southeast Modular Manufacturing's Motion to Dismiss Plaintiff's Second Supplemental and Amending Complaint for Damages. (Rec. Doc. 26.) Plaintiff opposes. (Rec. Doc. 36.) This matter was taken under advisement on the briefs without oral argument. Based on the memoranda by counsel, the record in this case and the applicable law, the Court grants in part and denies in part defendant's motion for the following reasons.

## I. BACKGROUND

Plaintiff construction company claims that he contracted with defendants to "identify, furnish and install a modular building to be used as an operational health unit at Riverdale High School." (Rec. Doc. 1-2 at 2.) Immediately after installation in February 2007, plaintiff claims the modular building "began showing problems and defects" including moisture control problems and mold growth. (Id. at 3-4). As a result, plaintiff seeks general damages; reimbursement of the original cost of the modular building; and replacement costs, among other damages, from defendants. (Id. at 4.)

As an initial matter, defendant Southeast Modular Manufacturing moved for this Court to

strike plaintiff's opposition to defendant's Motion to Dismiss Plaintiff's Second Supplemental and Amending Complaint for Damages under Fed. R.Civ. P. 12(f). (Rec. Doc. 37.) Specifically, Southeast claims that plaintiff improperly attached as an exhibit to his opposition a proposed Third Supplemental and Amending Complaint without seeking prior leave of the Court to amend. Since the filing of Southeast's Motion to Strike, Magistrate Judge Chasez has denied plaintiff's request to amend. (Rec. Doc. 46.) Thus the currently operative complaint in this matter is plaintiff's Second Supplemental and Amending Complaint. (See Rec. Doc. 24.)

Rule 12(f) states: "[t]he court may strike <u>from a pleading</u> an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). The pleading of claims and defenses is controlled by Federal Rule of Civil Procedure 7. The first part of Rule 7 describes pleadings, stating "[t]here shall be a complaint and an answer . . . no other pleading shall be allowed." Fed.R.Civ.P. 7(a). *See also* 5C, Wright, C. & Miller, A., Federal Practice and Procedure: Civil, § 1380 at 404 (3d. 2004) (noting that matters "outside the pleadings normally [...] not considered on a Rule 12(f) motion"). Therefore, the Court finds that the remedy of 12(f) does not apply to plaintiff's opposition memorandum and denies defendant Southeast's motion to strike. In light, however, of Magistrate Judge Chasez's ruling denying plaintiff's motion third amended complaint, the Court does not consider Exhibit A to plaintiff's opposition memorandum to be properly before this Court and Exhibit A is accordingly disregarded.

**II.    LAW AND ANALYSIS**

When considering a motion to dismiss under 12(b)(6) for failure to state a claim upon

which relief can be granted, a district court must accept the factual allegations of the complaint as true and resolve all ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993.) While a plaintiff must do more than cite "labels and conclusions" to survive a motion for dismissal, "[r]ule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 -1965 (2007)(*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (noting a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

    A.    *Quantum Meruit*

Defendant argues that plaintiff's concession that he does not have an "unjust enrichment" claim should act as a dismissal of his claim for *quantum meruit*. The Fifth Circuit has recognized that "*[q]uantum meruit* is an equitable remedy founded upon the principle that no one who benefits from the labor ... of another should be unjustly enriched at the other's expense. The doctrine operates, in the absence of a specific contract, to infer a promise on behalf of the person to whom the benefit is conferred to pay a reasonable sum for the services or materials furnished." *Kane Enterprises v. MacGregor (USA) Inc.*, 322 F.3d 371, 376 (5th Cir. 2003.) (citing Louisiana cases). "*Quantum meruit* is only recognized in Louisiana as a descriptive term of the measure of compensation or price which is unstated in action on a contract or quasi-contract" and not as a "substantive basis for recovery." *SMP Sales Management, Inc. v.*

*Fleet Credit Corp.* , 960 F.2d 557, 560 (5th Cir. 1992) (citations omitted). As such, plaintiff's claim for *quantum meruit* damages, as a descriptive term, is premature absent a finding of an implied contract and plaintiff's claim as a substantive cause of action is not recognized under Louisiana law. *See also United Disaster Response, L.L.C. v. Omni Pinnacle, L.L.C.*, 569 F.Supp.2d 658, 665-666 (E.D.La. 2008). Accordingly, plaintiff's claim under a theory of *quantum meruit* must be dismissed.

      B.      **Tort Liability under LSA C.C. 2315**

Defendant argues that plaintiff failed to allege "either a duty or a breach of that duty" to the plaintiff. (Rec. Doc. 26-2 at 7.) Instead, defendant claims plaintiff argues that defendant owed a duty to the high-school students and therefore defendant can not be liable for breach of a duty to non-parties.[1] (Id.) Plaintiff, without any citation to legal authority, claims that the duty to high-school students suffices. Under Louisiana law, "[a] threshold issue in any negligence action is whether the defendant owed the plaintiff a duty." *Audler v. CBC Innovis Inc.*, 519 F.3d 239, 249 (5th Cir. 2008). Whether or not defendant may also be liable to non-parties, such as the high-school students in this case, is irrelevant to the current action. Plaintiff has failed to plead a duty by defendant to the plaintiff, beyond the potential contract. Accordingly, plaintiff's claim under tort must be dismissed.

---

[1] Plaintiff also argued that his proposed Third Supplemental and Amended Complaint pled that defendant owed a duty to plaintiff to provide a building free of mold. (Rec. Doc. 36 at 9.) As plaintiff's proposed complaint is not before the Court, the Court disregards this argument.

## C.  Breach of Contract

Defendant argues that it "is not a party to the sale agreement" between defendant Low Group, Inc. and the plaintiff and that plaintiff has failed to plead circumstances demonstrating privity of contract between defendant Southeast and defendant Low Group, Inc. (Rec. Doc. 26-2 at 7-8.)  This Court is bound to accept the factual allegations of the complaint as true.  Plaintiff alleges that defendant Low Group, Inc. acted as an agent of Southeast and that Southeast undertook certain actions under the terms of the contract as a "sub-contractor." (Rec. Doc. 15 at 2; Rec. Doc. 1-2 at 3.)  Taken together, the Court finds plaintiff has sufficiently pled breach of contract with respect to defendant Southeast.

## D.  Redhibition

Defendant argues first that Southeast was not the seller and did not deliver the unit. (Rec. Doc. 26-2 at 9).  This Court is bound to accept the factual allegations of the complaint as true.  Plaintiff alleges that defendant Low Group, Inc. acted as an agent of Southeast and that Southeast delivered the allegedly defective building under the terms of the contract. (Rec. Doc. 15 at 2; Rec. Doc. 1-2 at 3.)

In addition, defendant claims that plaintiff has failed to allege that there was a "non-apparent, or latent, defect...at the time of sale." (Id.)  Under Louisiana law, a purchaser must prove the following for his redhibition claim:

> 1) the thing sold is absolutely useless for its intended purpose or its use is so inconvenient that had he known of the defect, he would never have purchased it;
> 2) the defect existed at the time of sale but was not apparent; and 3) the seller was

given an opportunity to repair the defect.

*Anderson v. Duplessis Pontiac-Buick-GMC Truck, Inc.*, 2008 WL 4332533, 5 (La.App. 1 Cir. 2008). Plaintiff alleges that immediately after installation, the defects became apparent. (Rec. Doc. 1-2 at 3.) The Court finds plaintiff's allegation of immediate defects sufficient to allege the second element of redhibition.

### E. Unjust Enrichment

The parties agree that plaintiff may not pursue an unjust enrichment claim against Southeast. (Rec. Doc. 26-2 at 10; Rec. Doc. 36 at 11.)

### F. Detrimental Reliance

Defendant argues that plaintiff has failed to allege a "promise to it on behalf of Southeast" or that defendant knew or should have known of plaintiff's reliance on that promise. (Rec. Doc. 26-2 at 10.) The Fifth Circuit has recognized the following elements for a detrimental reliance claim under Louisiana law: "(1) a representation by conduct or word; (2) made in such a manner that the promisor should have expected the promisee to rely upon it; (3) justifiable reliance by the promisee; and (4) a change in position to the promisee's detriment because of the reliance." *In re Ark-La-Tex Timber Co., Inc.*, 482 F.3d 319, 334 (5th Cir.2007)(internal citations omitted). Plaintiff has alleged in his complaint that defendants, including Southeast, "breached their implied representation that the modular building at issue is free from manufacturing defects." (Rec. Doc. 15 at 2.) Taking the facts alleged as true, the

Court finds that plaintiff has sufficiently alleged a claim for detrimental reliance to withstand defendant's motion to dismiss.

## III. CONCLUSION

Accordingly,

IT IS ORDERED that defendant Southeast Modular Manufacturing's Motion to Dismiss Plaintiff's Second Supplemental and Amending Complaint for Damages (Rec. Doc. 26) is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that plaintiff's claims for unjust enrichment, *quantum meruit*, and tort liability under Art. 2315 are hereby DISMISSED.

IT IS FURTHER ORDERED that defendant's Motion to Strike Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's Second Supplemental and Amending Complaint for Damages is DENIED. (Rec. Doc. 37.)

New Orleans, Louisiana, this 6th day of July, 2009.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**