UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BILL WARD BUILDERS, LLC                                CIVIL ACTION

VERSUS                                                 NO. 09-139

LOW GROUP, INC. ET AL.                                 SECTION: "C"(5)


## ORDER AND REASONS

Before the Court is defendant A-Plus Modular Services, Inc.'s ("A-Plus") Motion to Dismiss Pursuant to Rule 12(b)5 and 12(b)(6). (Rec. Doc. 32.) Plaintiff opposes.[1] (Rec. Doc. 41.) This matter was taken under advisement on the briefs without oral argument. Based on the memoranda by counsel, the record in this case and the applicable law, the Court grants in part and denies in part defendant's motion for the following reasons.

## I.  BACKGROUND

Plaintiff construction company claims that he contracted with defendants to "identify, furnish and install a modular building to be used as an operational health unit at Riverdale High School." (Rec. Doc. 1-2 at 2.)  Immediately after installation in February 2007, plaintiff claims

---

[1] Plaintiff cites to, and attaches as an exhibit, a proposed Third Supplemental and Amending Complaint. In light, however, of Magistrate Judge Chasez's ruling denying plaintiff's motion for leave to file his third amended complaint, the Court does not consider Exhibit A to plaintiff's opposition memorandum to be properly before this Court and Exhibit A is accordingly disregarded.

1

the modular building "began showing problems and defects" including moisture control problems and mold growth. (Id. at 3-4). As a result, plaintiff seeks general damages; reimbursement of the original cost of the modular building; and replacement costs, among other damages, from defendants. (Id. at 4.)

**II.     LAW AND ANALYSIS**

**A.     Insufficient Service of Process under 12(b)(5)**

Defendant claims that it was not served with either the First or Second Supplemental and Amending Complaint for Damages (Rec. Doc. 32-2) and requests dismissal on that basis. Plaintiff claims that A-Plus has since acknowledged that both Supplemental and Amending Complaints were served on A-Plus and that A-Plus has conceded this issue. The Court notes that the record reflects that A-Plus was served with the First Supplemental and Amending Complaint for Damages on March 30, 2009 (Rec. Doc. 34) and that Maxum Indemnity Company, the insurer of A-Plus, was served with both the First and Second Supplemental and Amending Complaints on March 23, 2009. (Rec. Doc. 35.) The Court finds this issue to be MOOT.

**B.     Failure to State a Claim under 12(b)(6)**

When considering a motion to dismiss under 12(b)(6) for failure to state a claim upon which relief can be granted, a district court must accept the factual allegations of the complaint as true and resolve all ambiguities or doubts regarding the sufficiency of the claim in favor of the

plaintiff. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993.) While a plaintiff must do more than cite "labels and conclusions" to survive a motion for dismissal, "[r]ule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 -1965 (2007)(*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (noting a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

### 1. Breach of Contract

Defendant argues that it "is not a party to the sale agreement" between defendant Low Group, Inc. and the plaintiff and that plaintiff has failed to plead circumstances demonstrating privity of contract between defendant A-Plus and defendant Low Group, Inc. (Rec. Doc. 32-2 at 3.) The relevant contract is attached to plaintiff's original complaint and may be considered by this Court under a motion to dismiss. *See Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996.) Defendant A-Plus is not listed as a party to the contract. In his complaint, plaintiff alleges that A-Plus undertook certain actions under the terms of the contract as a "sub-contractor." (Rec. Doc. 1-2 at 3.) Unlike claims against defendant Southeast, plaintiff did not claim an agency relationship existed between defendants Low Group, Inc. and A-Plus. Accordingly, plaintiff has not sufficiently pled breach of contract as A-Plus was not a party to the contract.

### 2. Redhibition

Defendant A-Plus argues that plaintiff has not alleged that A-Plus is the manufacturer and/or seller of the modular building. (Rec. Doc. 32-2.) Paragraph XXVI of plaintiff's complaint states: "Based upon information and belief, Defendant, Southeast Modular Manufacturing South, L.L.C. and A-Plus Modular Services, L.L.C. are the manufacturer and/or producer of the defectively designed modular building." (Rec. Doc. 15 at 3.) Accordingly, plaintiff can assert a cause of action under redhibition against defendant A-Plus.

Defendant also argues that plaintiff's redhibition claim is prescribed. As an alleged manufacturer, by statute, plaintiff must have filed suit against A-Plus "one year from the day of the buyer's discovery of the defect." *Credeur v. Champion Homes of Boaz, Inc.*, 6 So.3d 339 (La.App. 3 Cir. 2009). Plaintiff filed suit against A-Plus in state court on December 19, 2008. (Petition for Damages, Rec. Doc. 1-2 at 1.)

In his opposition to the motion to dismiss, plaintiff argues that from January 2008 through March 2008, A-Plus and the other defendants attempted to repair the defect. Under La. C.C. Art. 2534(C), the prescriptive period "commences anew" from the day he tenders it back to the buyer. If proved true, plaintiff's claim would still be timely as it was filed nine months after A-Plus ended efforts to repair the defect. Plaintiff's complaint does reference "remedial measures" taken by the defendants in Paragraph XVI, but fails to note when these remedial measures took place. Making all reasonable inferences in favor of the plaintiff, as it must, and as plaintiff has specifically alleged facts that would allow for restarting the prescriptive period, the

4

Court finds it is premature to dismiss this claim as prescribed. Accordingly, the plaintiff shall amend his complaint to allege the specific dates of "remedial measures" within 20 days of this Order or show good cause why this claim should not be dismissed.[2]

### 3. Unjust Enrichment

The parties agree that plaintiff may not pursue an unjust enrichment claim against A-Plus. (Rec. Doc. 32-2 at 4; Rec. Doc. 41 at 11.)

### 4. Detrimental Reliance

Defendant argues that plaintiff has failed to allege a promise by A-Plus on which plaintiff relied. (Rec. Doc. 32-2 at 5. The Fifth Circuit has recognized the following elements for a detrimental reliance claim under Louisiana law: "(1) a representation by conduct or word; (2) made in such a manner that the promisor should have expected the promisee to rely upon it; (3) justifiable reliance by the promisee; and (4) a change in position to the promisee's detriment because of the reliance." *In re Ark-La-Tex Timber Co., Inc.*, 482 F.3d 319, 334 (5th Cir.2007)(internal citations omitted). Plaintiff has alleged in his complaint that defendants,

---

[2] Magistrate Judge Chasez has previously denied a motion for leave to amend the complaint. (Rec. Doc. 46.) The Court notes that the option to amend to clarify the dates of remedial measures is not license to amend any other aspect of the complaint. Should plaintiff seek any additional amendments, he should first seek leave of the court as required by Fed. R. Civ. P. 15.

including A-Plus, "breached their implied representation that the modular building at issue is free from manufacturing defects." (Rec. Doc. 15 at 2.) Taking the facts alleged as true, the Court finds that plaintiff has sufficiently alleged a claim for detrimental reliance to withstand defendant's motion to dismiss.

Second, defendant argues that A-Plus is "a third-party as it concerns any contract between plaintiff and the Low Group" and therefore plaintiff can not maintain a claim for detrimental reliance against defendant. (Rec. Doc. 32-2 at 5.) "To prevail on a detrimental reliance claim, Louisiana law does not require proof of a formal, valid, and enforceable contract." *TV & Appliance Town, Inc. v. Advantage Financial Services of Walker Inc.*, 2009 WL 1271990, (La.App. 1 Cir. 2009.) As the Louisiana Third Circuit of Appeals has noted,

> [t]he question is not whether the promisor really intended to perform what he promised, rather it is whether the promise was made in such a manner that the promisor knew or should have known that the promisee would rely upon it, and if so, whether the promisee has in fact reasonably relied upon the promise and been damaged thereby.

*Morris v. People's Bank & Trust Co. of Natchitoches*, 580 So.2d 1029, 1036 (La.App. 3 Cir. 1991)(*quoting* A Student Symposium, *The 1984 Revision of the Louisiana Civil Code's Articles on Obligations: Detrimental Reliance*, 45 La.L.Rev. 747, 765-766 (1985)). Accordingly, as plaintiff has sufficiently alleged a promise made by A-Plus on which plaintiff relied, plaintiff has sufficiently pled a claim for detrimental reliance.

### 5. Prescription under La. C.C. Art. 3492 and Art. 3493

Defendant argues in general that plaintiff's claims have been extinguished by prescription under La.C.C. Art. 3492 (one year prescriptive period for delictual actions from date of sustaining damage) and La.C.C. Art. 3493 (one year prescriptive period runs from day owner of immovable property acquired or should have acquired knowledge of damage.)[3] (Rec. Doc. 32-2 at 6.) Plaintiff argues that the prescriptive period begins to run in March 2008.

Louisiana statute provides for the interruption of prescription by acknowledgment of liability. See La. C.C. 3464.

> Interruption by acknowledgment may be oral, in writing, formal, informal, express or tacit. With respect to delictual actions, the acknowledgment need not be of a certain amount of damages, only of the defendant's responsibility and plaintiff's right against that defendant. 'A tacit acknowledgment occurs when a debtor performs acts of reparation or indemnity, makes an unconditional offer or payment, or lulls the creditor into believing he will not contest liability.'

*Morris v. Westside Transit Line*, 841 So.2d 920, 926 (La.App. 5 Cir. 2003)(internal citations omitted.) Prescription "commences anew" from the last day of interruption. La. C.C. Art. 3466. Making all reasonable inferences in favor of the plaintiff, as it must, and as plaintiff has specifically alleged facts that would allow for restarting the prescriptive period, the Court finds it is premature to conclude plaintiff's claims are prescribed. Accordingly, the plaintiff shall amend his complaint to allege the specific dates of "remedial measures" within 20 days of this Order or

---

[3] The Court notes that plaintiff does seek damages pursuant to defendant's tort liability, although defendant does not reference exactly which claim he seeks to dismiss.

show good cause why such claim should not be dismissed.

## III. CONCLUSION

Accordingly,

IT IS ORDERED that A-Plus Modular Services, Inc.'s Motion to Dismiss Pursuant to Rule 12(b)5 and 12(b)(6) (Rec. Doc. 32) is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that plaintiff's claims for breach of contract and unjust enrichment are hereby DISMISSED as to defendant A-Plus.

IT IS FURTHER ORDERED that the plaintiff shall amend his complaint to allege the specific dates of "remedial measures" within 20 days of this Order or show good cause why this claim should not be dismissed.

New Orleans, Louisiana, this 27th day of July, 2009.

**HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE**