# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| BILL WARD BUILDERS, LLC | CIVIL ACTION |
|---|---|
| VERSUS | NO: 09-0139 |
| LOW GROUP, INC., ET AL | SECTION: "C" (5) |

## ORDER AND REASONS[1]

This matter is before the Court on the issue of whether the amended cross-claims filed by The Low Group, Inc. ("The Low Group") against A-Plus Modular Services, Inc. ("A-Plus") should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure "on the basis that [they have] failed to state a claim under which relief can be granted because the remedy sought is not provided for under applicable Louisiana law." Rec. Doc. 86 at 1. Having reviewed the record, memoranda of counsel, and the law, the Court DENIES Defendant A-Plus's Motion to Dismiss The Low Group's Amended Answer/Crossclaim under Rule 12(b)(6) for the following reasons.

## I.    FACTUAL BACKGROUND

On June 25, 2009, defendant The Low Group filed an Answer to Petition for Damages, Affirmative Defenses, and Cross-Claims. Rec. Doc. 50. The Low Group argued that, were judgment to be cast in favor of plaintiff, it would have claims against A-Plus for indemnity. Rec. Doc. 50 at 9 ("Should defendant The Low Group, Inc. be found liable to Plaintiff Bill Ward Builders, LLC . . . . said liability and/or damages/sums are attributable to the negligent acts and/or omissions of A

---

[1]Francisco A. Besosa-Martinez, a third-year student at Tulane University Law School, assisted in the research and preparation of this opinion.

Plus Modular Services, Inc. in installing, setting up, assembling and/or constructing the modular buildings at issue in this matter."). Furthermore, The Low Group alleged that, should the Court find that The Low Group has no claims of indemnity against A-Plus, it was still entitled to contribution and/or reimbursement, in whole or in part, by A-Plus due to:

> 1. the negligent acts and/or omissions of A Plus Modular Services, Inc. in installing, setting up, assembling and/or constructing the modular buildings at issue in this matter;
>
> 2. the fact that Plaintiff, Bill Ward Builders, LLC, contracted directly with A Plus Modular Services, Inc. for the installation of the modular buildings; and
>
> 3. the fact that A Plus Modular Services, Inc. named Plaintiff as an additional insured on the policy issued to it by Maxum Indemnity Company, as reflected on the Certificate of Liability issued on or about December 20, 2006.

Rec. Doc. 86-2 at 2.

These original cross-claims concerned tort indemnity and/or contribution. On August 11, 2009, The Low Group filed for leave to amend its cross-claims in order to assert claims for contractual indemnity. Rec. Doc. 66. In its First Supplemental and Amending Answer to Petition for Damages, Affirmative Defenses, and Cross-Claims, The Low Group amended its original cross-claim against A-Plus by replacing Paragraphs DD and EE in the original document with:

> Defendant The Low Group, Inc. did have a contract with A-Plus Modular Services, Inc. but said contract for the installation, set up and/or assembly of the modular buildings at issue in this law suit was assigned by The Low Group, Inc. to Plaintiff Bill Ward Builders, LLC, as evidenced by The Low Group, Inc.'s Change Order No. 3, dated December 13, 2006 and signed by William Ward for Plaintiff Bill Ward Builders, LLC. Pursuant to said Change Order, any obligation on the part of defendant The Low Group, Inc. regarding the installation, setup and/or assembly of the modular buildings was cancelled and Plaintiff agreed to contract directly with A-

2

> Plus Modular Services, Inc. for the same.
>
> In the alternative, if and only if this Honorable Court should find there was no assignment and, therefore, no contract existed between Plaintiff Bill Ward Builders, LLC and defendant A-Plus Modular Services, Inc., then A-Plus had a contract with The Low Group, Inc. to install, set-up and/or assemble the modular buildings at issue in this lawsuit in a proper, workmanlike and non-defective manner. Should The Low Group, Inc. be found liable and/or cast in judgment to Plaintiff Bill Ward Builders, LLC for damages Plaintiff incurred because of A-Plus' faulty, defective and/or unworkmanlike installation, set-up and/or assembly of the modular buildings, which The Low Group denies, then based on the contract between A-Plus and The Low Group, Defendant A-Plus and/or its insurer Maxum Indemnity Company must indemnify The Low Group for any sums it pays to Plaintiff.

Rec. Doc. 82 at 4-5.

## II. LEGAL STANDARD AND ANALYSIS

*1. Applicable Law*

*a. Standard of Review for a 12(b)(6) Motion*

The standard of review for a motion to dismiss a claim under 12(b)(6) was first articulated by the United States Supreme court in *Conley v. Gisbon*, 355 U.S. 41 (1957). In *Conley*, the Court stated that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45. The Court effectively abrogated *Conley* in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), saying that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." 550 U.S. at 555 (citations omitted). Additionally, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumptions that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). Dismissal is not warranted by a judge's disbelief of a complaint's factual allegations or the appearance that recovery is remote or unlikely. *Id.*

Rule 12(b)(6) motions to dismiss are disfavored means of disposing of a case and should be denied unless the moving party can show, beyond a doubt, that the plaintiff cannot prove a plausible set of facts in support of her claim which would entitle her to relief. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). When considering a 12(b)(6) motion, a court must accept all of the plaintiff's factual allegations as true and resolve all ambiguities or doubts regarding the sufficiency of the complaint in the plaintiff's favor. *Fernandez-Montes v. Allied Pilots Ass'n.,* 987 F.2d 278, 184 (5th Cir.1993).

*b. Claims of Indemnity*

An indemnity agreement is a "specialized form of contract which is distinguishable from a liability insurance policy," *Suire v. Lafayette City-Parish Consolidated Gov't*, 907 So.2d 37, 51 (La. 2005) (*quoting Meloy v. Conoco, Inc.*, 504 So.2d 833, 839 (La. 1987)), in which one party has "[a] duty to make good any loss, damage, or liability incurred by another." Black's Law Dictionary 784 (8th ed. 2004). The Louisiana Supreme Court has held that "a cause of action for indemnification for cost of defense does not arise until the lawsuit is concluded and defense costs are paid." *Suire*, 907 So.2d at 51 (*quoting Meloy*, 504 So.2d at 839); *Morella v. Bd. of Comm'rs of Port of New*

4

*Orleans*, 888 So.2d 321, 325 (La. App. 2004). Thus, a claim for defense based on indemnity is found to be premature when "parties have not yet sustained any compensable loss." *Suire*, 907 So.2d at 51.

On the other hand, under Rule 13(g) of the Federal Rules of Civil Procedure, a "cross claim may include a claim that the party is or may be liable to the cross claimant for all or part of a claim asserted in the action against the cross claimant." In *Manthos v. Jefferson Parish Library Dept.*, 2008 WL 2510573 (E.D. La. June 17, 2008), this Court stated that "a cross claim can be contingent upon the ultimate adjudication of the cross-claimant's liability to plaintiff." *Manthos*, 2008 WL 2510573 at *3 (*quoting* Wright, Miller & Kane, Federal Practice & Procedure § 1431 at 240-41 (2d ed. 1990)). Thus, "a contingent cause of action may be brought under Rule 13 as long as a substantive claim exists pursuant to state law." *Manthos*, 2008 WL 2510573 at *4.

*c. Louisiana Law on Indemnity*

The Louisiana Supreme Court has held, and this Court has cited approvingly, that a party's obligation to indemnify "may be express, as in a contractual provision, or may be implied in law, even in the absence of an indemnity agreement." *American Home Assurance Co. v. Liberty Mutual Insurance Co.*, 353 F. Supp.2d 698, 701 (E.D. La. 2004) (*quoting Nassif v. Sunrise Homes, Inc.*, 739 So.2d 183, 185 (La. 1999)). When this obligation is "implied in law," it arises under a tort or quasi-contract theory. *Bienville Parish Police Jury v. U.S. Postal Service*, 8 F.Supp.2d 563, 569 (W.D. La. 1998); *Nassif*, 739 So.2d at 185. Moreover, "[a]n implied contract of indemnity, or tort indemnity as it applied in this case arises only when the fault of the person seeking indemnification is solely

5

constructive or derivative, from failure or omission to perform some legal duty, and may only be had against one who, because of his act, has caused such constructive liability to be imposed." *Hamway v. Braud*, 838 So.2d 803, 806 (La. App. 2002).

The basis for indemnity under Louisiana civil law is restitution, which is an equitable remedy. Thus, indemnity is "due when fairness requires that one person bear the total responsibility for an injury." *Commercial Union Insurance Co. v. CBC Temporary Staffing Services, Inc.*, 897 So.2d 647, 651 (La. App. 2004), *writ den.*, 899 So.2d 12 and 899 So.2d 13 (La. 2005). As stated by the Louisiana Supreme Court:

> Indemnity in its most basic sense means reimbursement, and may lie when one party discharges a liability which another rightfully should have assumed. It is based on the principle that everyone is responsible for his own wrongdoing, and if another person has been compelled to pay a judgment which ought to have been paid by the wrongdoer, then the loss should be shifted to the party whose negligence or tortuous act caused the loss.

*Nassif*, 739 So.2d at 185.

2. *Analysis*

The Court holds that the Motion to Dismiss The Low Group's cross-claims against A-Plus under Rule 12(b)(6) should be denied. First, A-Plus's reliance on *Suire* is misplaced. While the Louisiana Supreme Court in *Suire* did find that "an indemnitor is not liable under an indemnity agreement until the indemnitee 'actually makes payment or sustains loss[,]" its holding was narrowly tailored and was in response to claims for defense. *Suire*, 907 So.2d at 51 ("Thus, this court has held that 'a *cause of action for indemnification for cost of defense* does not arise until the lawsuit

is concluded and defense costs are paid.'" (emphasis added)). Since The Low Group's claims do not involve a duty to defend, Rec. Doc. 90 at 4, and because *Suire* is further limited to the oilfield statute being discussed there, The Low Group's cross-claims against A-Plus are distinguishable. The cross-claims brought by The Low Group against A-Plus are permissible under Rule 13 of the Federal Rules of Civil Procedure, as they are contingent upon the ultimate adjudication of this matter. The Low Group is not seeking to have A-Plus take financial responsibility for its defense; rather, it is merely stating that, were it to be found liable to plaintiff, A-Plus would then, and only then, need to indemnify The Low Group.

Furthermore, whether or not there is an express written contract between the parties is not determinative in finding that there was an agreement between them that would validate The Low Group's cross-claims for indemnity against A-Plus. Louisiana law and jurisprudence makes it clear that the obligation to indemnify "may be express, as in a contractual provision, or may be implied in law, even in the absence of an indemnity agreement." *American Home Assurance Co.*, 353 F.Supp. 2d at 701. This means that the obligation to indemnify may be found under a quasi-contract theory that does not require the indemnity to be contractual in nature. Therefore, the cross-claims brought by The Low Group against A-Plus are supported by applicable law and should survive the motion to dismiss filed by A-Plus.

### III. CONCLUSION

Accordingly,

Defendant A-Plus's Motion to Dismiss The Low Group's Amended Answer/Crossclaim under Rule 12(b)(6) (Rec. Doc. 86) is hereby DENIED.

New Orleans, Louisiana, this 26th day of April, 2010.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**